FILED LODGED ENTERED RECEIVED

MAY 8 - 2015
Night Drop
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

Taisha Parrott )
4100 Bedford Place, Suitland, MD 20746 )
Plaintiff ) Civil Action No.: TDC 15 CV 1333
v. )
Branch Banking and Trust Company )
200 W 2nd St, Winston Salem, NC 27101 )
Defendant )
_______________________________________ )

**COMPLAINT**

**INTRODUCTION**

1. This is an action alleging Defendant, upon information and belief, is not a creditor pursuant to Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. 1692 a(6) and Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 14-201(b) and who in their collection pursuit of a debt engaged in possible violations of debt collection, unfair and deceptive trade practices under and unjust enrichment FDCPA 15 U.S.C. 1692 et al., MCPA § 13-301 et al. , and Maryland Debt Collection Act § 14-201 et al. ("MDCA").

2. CERTAIN ACTS ARE BROADLY PROHIBITED.
The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt. The MDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. MCPA prohibits "unfair or deceptive trade

practices," Md. Code Ann., Com. Law § 13-301, and expressly designates as "unfair or deceptive trade practices" those that constitute any violation of the MDCA § 13-301(14)(iii).

3. THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.
"Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996)

4. THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER-DEBTORS.
The FDCPA is a remedial statute, and must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp.2d 1235 (W.D. Wash. 2006).

5. THE FDCPA IS TO BE INTERPRETED IN ACCORDANCE WITH THE "LEAST SOPHISTICATED" CONSUMER STANDARD. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985) (adopting the "least sophisticated" consumer standard) The least sophisticated consumer standard ensures protection of all consumers, even those who are naive and trusting, against deceptive debt collection practices.

6. Discovery and trial is needed for declaratory relief and money damages.

**PARTIES TO THIS ACTION**

7. Plaintiff, Taisha Parrott, is a consumer as defined by the FDCPA 15 U.S.C. 1692a(3) and MCPA, Md. Code Ann., Com. Law § 13-101 c(1), and at all times relevant to this action resided at 4100 Bedford Place, Suitland, Maryland 20746 (herein after "Subject Property") in Prince Georges' County for which was used for personal, family, and household purposes.

8. Defendant, BB&T, whose principle place of business is located at 200 W 2nd St, Winston Salem, NC 27101, conducts business in the State of Maryland and regularly uses instrumentalities of interstate commerce or the mails (i.e. the United States Postal Service) for the principal purpose of collection of debts. At all relevant times Defendant is a "person"and acted as a "collector" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b).

## JURISDICTION AND VENUE

9. This Honorable Court has subject matter jurisdiction over this matter pursuant to 28U.S.C.A. § 1331. As demonstrated herein, this case involves a federal question.

10. Venue is proper in this Court because the acts and transactions occurred within this state and the Defendant transacts business within this state.

## EXHIBITS TO COMPLAINT

11. There is filed in this matter a separate documents entitled "Exhibits to Complaint". The exhibits therein are incorporated and made a part hereof by way of reference as "(Exhibit _)".

## FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

12. The Defendant pursued a "debt" (herein after "subject debt"), as that term is defined by FDCPA 15 U.S.C. § 1692a(5), alledgedly arising out of a "consumer transaction" to receive real property as defined by Md. Code Ann., Com. Law, § 14-201 (c) of the MCDCA that was to be used primarily for personal, family, or household purposes.

13. The basis of Defendant's collection efforts are documents styled as a promissory note

("Note") that names US Mortgage Finance Corp. as the lender/creditor, a Deed of Trust to benefit US Mortgage Finance Corp. , and an assignment of the Deed of Trust.

14. A creditor pursuant to the FDCPA 15 U.S.C. § 1692a(4) includes "... any person who offers or extends credit creating a debt or to whom a debt is owed,..."

15. The Plaintiff has not engaged in any transaction to receive an offer or extension of credit to indebt Plaintiff to Defendant per the FDCPA nor receive "consumer credit" or "debts" as Md. Code Ann., Com. Law § 13-101 (d) defines.

16. The Defendant was initially presented to Plaintiff as a servicer only collecting on behalf of US Mortgage Finance Corp., the named creditor of the subject debt. After the subject debt was declared in default did Defendant aggressively escalated their collection efforts to a complaint against the Plaintiff and position themselves as a creditor and owner of subject debt.

17. A person is not deemed a creditor if they receive an assignment or transfer of debt after default per the FDCPA.

18. Plaintiff has sent Defendant multiple requests to validate and clarify for Plaintiff a) the existence of debt, b) the identity of the true owner/creditor, and c) Defendant's authority and capacity to collect on behalf of the alleged owner/creditor. Defendant's responses to Plaintiff requests, and other communication Defendant has sent and caused to be sent to Plaintiff, were contradictory for Defendant establishes themselves as a debt collector on one hand and positions themselves as a creditor on the other.

19. Communications sent by Defendant or Defendant caused to be sent to Plaintiff includes:

A various dunning notices on some which display a "mini-Miranda"[1] warning; leading Plaintiff to conclude that Defendant is a debt collector;

B a Notice of Intent to Foreclose ("NOI") (Exhibit 1) states Government National Mortgage Association[2] ("Ginnie Mae") is the "secured party" or owner of the debt; MD Comm Law § 9-102(D) defines "Secured party" as, in part, "A person to which ... promissory notes have been sold"; leading Plaintiff to conclude that Defendant is a debt collector;

C the NOI also makes the distinction that the Defendant is not the secured party of subject debt by stating: "Name of Loan Servicer (**if different from Secured Party**): Branch Banking and Trust Company" [emphasis added]; leading Plaintiff to conclude that Defendant is a debt collector;

D a Combined Affidavit by affiant Dan Cadoff, Vice President of BB&T (Exhibit 2) that asserts the "ownership of and accuracy of copy of debt instrument" and states Ginnie Mae is the owner of the debt; leading Plaintiff to conclude that Defendant is a debt collector;

E Defendant's response (Exhibit 3) to Plaintiff's validation of debt letter never addressed the supposed ownership of the subject debt by Ginnie Mae but professes they are the creditor; leading Plaintiff to conclude that Defendant is a creditor;

F Plaintiff has also received a response from debt collector The Fisher Law Group, PLLC, an agent of Defendant, concerning the validation of debt request, stating that Defendant is the owner of the subject debt not Ginnie Mae. Debt collector The Fisher Law Group, PLLC has also verbalized to Plaintiff that Ginnie Mae is only a guarantor of the subject debt not an owner; leading Plaintiff to conclude that Defendant is a creditor.

---

[1]The Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(11), requires debt collectors when sending dunning notices to state "...that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose,..." This notice is typically referred to as a mini Miranda.

20. Ginnie Mae is a wholly owned government corporation within the Department of Housing and Urban Development (HUD). Ginnie Mae states on their website that it "... **does not purchase loans from mortgage lenders, make loans to borrowers**, ...." [emphasis added]. Thus, leading Plaintiff to believe Ginnie Mae does not assume the role of a creditor and thereby further confusing Plaintiff as to who the Defendant is, debt collector or creditor.

21. Plaintiff is unable to determine the validity and authenticity of Defendant's documents/instruments as verification for any alleged amount due and owing to the Defendant for the following reasons:

A Plaintiff could not confirm with the named original creditor on the note, US Mortgage Finance Corp., that US Mortgage Finance Corp. authorized the attorney-in-fact named on the note, Southwest Security FSB, to execute a transfer of the Note to Defendant nor could Plaintiff find any a power of attorney granted by US Mortgage Finance Corp. Defendant has not supplied any proof of a signature by the alleged original creditor indicating they authorized the execution of the assignment or transfer of the note.

B US Mortgage Finance Corp. is a defunct[2] corporation without any legal or business standing in the state of Maryland any contracts formed or in existence during its period of forfeiture is invalid, inoperative, null and void, which includes any agency relationships, as a matter of law;

C The Defendant had recorded in Maryland land records an Assignment of Deed of Trust in Liber 35032 at Folio 469 on which it obscurely states that Defendant solely acquired *"... actual rights of ownership..."* of the subject debt *"... effective*

[2] The Maryland Department of Assessments and Taxation Business Services comptroller made US Mortgage forfeit on 10/03/2011. A forfeited business means the "legal existence" of the entity has been relinquished. US Mortgage forfeit status is still in effect as of the date of this compliant filing.

*prior to May 29, 2013..."* The Defendants has stated with specificity and certainty a date of default but cannot state the exact date they acquired ownership of the subject debt. This recording is in stark contrast to the Combined Affidavit and the NOI that states the owner is not the Defendant and possibly other communication Plaintiff has received from Defendant;

D Recorded documents in Maryland land records does not reflect what is stated in Defendants' communications and thus it appears that a proper chain of assignments did not take place and that the lien positions were not properly perfected;

E The Assignment, in part alleges "valuable consideration" was given to Mortgage Electronic Registrations Systems, Inc. ("MERS") on behalf of the alleged creditor US Mortgage Finance Corp., and that both the alleged Note and Deed of Trust was transferred and negotiated to the Defendant;

F Plaintiff is not familiar and or otherwise is not provided with the definition of the term "valuable consideration" which, is to the Plaintiff's understanding, can be non-monetary in nature;

G MERS is named on the deed of trust only. MERS does not have beneficial interest in the note and never has possession of any alleged Notes. Promissory notes are not taken by assignment; they are taken by negotiation pursuant to the Uniform Commercial Code. Therefore MERS could not have transferred, nor received any consideration and or valuable consideration as alleged in the assignment.

22. Consequently, Defendant's collection efforts placed a cloud on the title of the subject property, caused dispossession or disablement of Plaintiff's home, and caused Plaintiff loss of equity in the subject property. Additionally, Plaintiff has suffered mental and emotional distress, embarrassment, humiliation and financial hardship. No doubt the irretrievable and damaging public information about Plaintiff will adversely affect her creditworthiness for years to come since this information is now available to prospective and existing employers, mortgage companies, real estate agents, finance

companies, credit card companies, title companies and others.

**COUNT I**

**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

23. Paragraphs 1 through 22 are realleged as though fully set forth herein.

24. § 1692 (e) false, deceptive, or misleading representation or means in connection with the debt collection.

25. § 1692 e(6) Sale or transfer of any interest in the debt will cause the consumer to lose any claim or defense to payment of the debt.

26. § 1692 e(8) Threatens or communicates false credit information, including the failure to communicate that a debt is disputed.

27. § 1692 e(11) Defendant communicated with Plaintiff numerous times but failed to provide the required notice to Plaintiff every time.

28. § 1692 f(1) Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

29. § 1692 g(a) Failure to send Plaintiff notice that debtor has the right to to dispute the subject debt.

30. Plaintiff is entitled to actual and statutory damages under 15. U.S.C. 1692k.

## COUNT II

## VIOLATION OF MARYLAND CONSUMER PROTECTION AND CONSUMER DEBT COLLECTION ACTS

31. Paragraphs 1 through 30 are realleged as though fully set forth herein.

32. § 14-202. Prohibited Acts

(8) Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist; or

(9) Use a communication which simulates legal or judicial process or gives the appearance of being authorized, issued, or approved by a government, governmental agency, or lawyer when it is not.

33. § 14-203. Damages

A collector who violates any provision of this subtitle is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury.

## DECLARATORY RELIEF

34. An actual controversy has arisen and now exists between the Plaintiff and Defendant concerning the public recorded documents, Assignment of Deed of Trust and their respective rights and duties in that Defendant alleged the Assignment of Deed of Trust gave them an interest in the alleged debt and Plaintiff's subject property.

35. Plaintiff seeks a judicial determination as to whether the recorded Assignment of Deed of Trust and the alleged Note executed by MERS conferred any rights, title and interest in the Plaintiff's subject property. Additionally, Plaintiff requests the court declare

whether "valuable consideration" as stated in the assignment is actually monetary or non-monetary in nature. Specifically, Plaintiff prays the judge define the meaning of "consideration" and or "valuable consideration".

36. Plaintiff is also entitled to trial and discovery, to afford Defendant the opportunity to prove that MERS is named on the Note, take payments on the alleged debt in any manner, whether MERS ever had possession of any alleged Note, and proof Defendant paid MERS any monetary value for such alleged debt.

37. Lastly, Plaintiff requests a determination of the court to determine if Defendant in fact is a "debt collector" and or "creditor" as defined in Defendant's communications, or the act itself.

## IN CLOSING

35. Accepting the allegations in Plaintiff's Complaint as true, and drawing all reasonable factual inferences from those facts in Plaintiff's favor, clearly Plaintiff has provided necessary facts and evidence in support of her claim which would entitle her to discovery and trial and ultimately relief sought in her complaint.

## PRAYER FOR RELIEF

**36. WHEREFORE**, Plaintiff's requests the following relief to be awarded for each Cause of Action:

37. That this Court declare (declaratory relief) that Defendant did not acquire any interest in the alleged debt and or real property as demonstrated in the recorded Assignment of Deed of Trust by their reliance of a MERS transfer of the alleged Note and Mortgage;

38. For Declaratory Relief, including the following Decrees of this Court that:

A The Assignment of Mortgage is void and of no probative value;

B That Defendant is prohibited from sending any additional notices making demands of Plaintiff regarding such alleged debt;

C Actual, and statutory damages in an amount determined at trial, and within the jurisdictional amount of this court;

D Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

E And any other such damages deemed appropriate by the court.

Date: May 7, 2015

[signature]

Taisha Parrott, Plaintiff
4100 Bedford Place, Suitland, MD 20746
202-487-7403